# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA. | Case No. 1:14-cv-00225-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |
| v. | |
| BARRY HALAJIAN; BARRY HALAJIAN SS MUNICIPLE CORPORATION, | **OBJECTIONS DUE:  21 DAYS** |
| Defendants. | (Doc. 20) |

## I.  INTRODUCTION

On February 19, 2014, the United States ("Plaintiff" or the "Government") filed a complaint alleging that Defendants Barry Halajian and "Barry Halajian SS Municiple Corporation" (collectively, "Defendants") filed a false UCC-1 Financing Statement with the California Secretary of State naming Wayne Blackwelder, Clerk of Court for the United States Bankruptcy Court for the Eastern District of California, as a debtor. (Doc. 1.)  Plaintiff seeks a judicial declaration that the UCC-1 Financing Statement is null and void, an order directing that the false lien be expunged, and injunctive relief enjoining Defendants from filing any other similar false documents in the future. (Doc. 1.)

On April 21, 2014, Barry Halajian and Barry Halajian Municiple Corporation filed a motion for an extension of time to answer the complaint. (Doc. 11.)  The Court granted an

extension of time, but cautioned Defendants that the Barry Halajian Municple Corporation was an artificial entity that must be represented by counsel to proceed on its claims in federal court. The Court instructed Defendants that the entity was to retain counsel within 60 days. Further, both Defendants were to file a response to the complaint within 60 days. (Doc. 12.)

No response to the complaint was filed, and on June 30, 2014, Plaintiff requested that Defendants' defaults be entered. (Doc. 14.) The Court issued an order directing the Clerk of Court to enter Defendants' defaults for failing to respond to the complaint. (Doc. 17.) On August 4, 2014, Defendants' defaults were entered. (Docs. 18, 19.)

On August 25, 2014, Plaintiff filed a motion for default judgment. (Doc. 12.) No opposition to the motion was filed. Having found the matter suitable for decision without argument pursuant to Local Rule 230(g), the hearing set for October 1, 2014, is VACATED. For the reasons set forth below, it is RECOMMENDED that Plaintiff's motion for default judgment be GRANTED.

## II.   BACKGROUND

Plaintiff alleges that Defendants filed a false Uniform Commercial Code Financing Statement with the State of California against Wayne Blackwelder.[1] A Uniform Commercial Code Financing Statement ("UCC-1 Statement") is a legal form that a creditor files to give notice that the creditor has a security interest in the personal property of a debtor. (Doc. 1, ¶ 6.) The UCC-1 Statement is generally filed with the Secretary of State in a state where the debtor resides to "perfect" the creditor's security interest in the debtor's property. (Doc. 1, ¶ 7.) The filing of a UCC-1 Statement creates a lien against the debtor's property and also establishes priority in case of debtor default or bankruptcy. (Doc. 1, ¶ 8.) To file a UCC-1 Statement, a debt must be owed to the filer and the debtor must authorize the filing of the UCC-1 Statement. (Doc. 1, ¶ 9.) The office of the California Secretary of State where the UCC-1 Statements are filed is located in Sacramento, California. (Doc. 1, ¶ 10.)

---

[1] The Court previously granted Plaintiff default judgment and declaratory injunctive relief against Defendants in *United States v. Halajian*, No. 1:13-cv-00468-AWI-SKO ("*Halajian I*") with respect to other false liens filed by Defendants. Subsequently, Plaintiff discovered another false lien not included in the *Halajian I* complaint. Plaintiff now seeks to expunge this allegedly false lien and requests an order enjoining Defendants from any similar filings against federal employees in the future.

In its motion, Plaintiff maintains that Defendant Barry Halajian was a debtor in a Chapter 7 case in the United States Bankruptcy Court in the Eastern District of California, Fresno division captioned *In re Barry S. Halajian*, Case No. 10-60304-A-7, which is now closed. (Doc. 20-1, 3:21-25.) Defendant Barry Halajian SS Municiple Corporation (also known as Barry Stuart Halajian) was the debtor in a Chapter 9 case, *In re Barry Halajian SS Municiple Corporation (aka Barry Stuart Halajian)*, No. 12-bk-15132-A-9, which is now closed. Barry Halajian has also been a plaintiff in a number of cases in the U.S. District Court for the Eastern District of California. The Government asserts that Defendants have filed the false lien described below because they are dissatisfied with events or outcomes related to their bankruptcy or district court proceedings. (Doc. 20-1, 3:25-26.)

Plaintiff alleges that Defendants caused to be filed with the California Secretary of State a UCC-1 Statement falsely identifying Wayne Blackwelder as a debtor. (Doc. 1, ¶ 14.) Specifically, Defendants filed a UCC-1 Statement on July 13, 2012, bearing document number 33861440002 and filing number 12-7320748397, describing Wayne Blackwelder as a "Debtor." (Doc. 1, ¶ 11.)

Plaintiff alleges that Mr. Blackwelder has never been indebted to Defendants for payment or other performance; given Defendants any security interest in his assets or otherwise entered into any security agreement with Defendants; dealt with or otherwise interacted with Defendants or, if any interaction ever occurred, it was solely in his official capacity; or authorized the filing of UCC-1 Statements against him by Defendants. (Doc. 1, ¶ 15.) Plaintiff also contends that the false UCC-1 Statement is specifically designed to molest, interrupt, hinder, intimidate or impede Mr. Blackwelder in the good faith performance of his official duties. (Doc. 1, ¶ 16.) Plaintiff contends that Mr. Blackwelder faces substantial hardship and costs associated with false information in the public record that may impede or impair his personal credit and detract from performance of his official duties. (Doc. 1, ¶ 18.) Plaintiff further alleges that the UCC-1 Statement poses an immediate and irreparable injury upon the United States of America by impeding, obstructing, and impairing the execution of the official duties of its employees or officers. (Doc. 1, ¶ 19.)

Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the UCC-1 Statement filed by Defendants is null, void, and of no legal effect and requests that the Court order the California Secretary of State to remove and expunge the false UCC-1 Statement from the official record of the California Secretary of State. Plaintiff also seeks injunctive relief pursuant to 18 U.S.C. § 1345, permanently enjoining Defendants from filing or recording any document which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States. (Doc. 1, ¶¶ 26-30.)

### III. DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors include the following: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

4

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.     Plaintiff's Motion for Default Judgment Should Be Granted**

   **1.     Prejudice to Plaintiff**

The first *Eitel* factor, prejudice to Plaintiff, weighs in favor of granting the motion for default judgment. Defendants have failed to respond to Plaintiff's complaint. If Defendants never file a responsive pleading, the case will not be placed before the Court on its merits, and Plaintiff will be without a remedy. Additionally, as Plaintiff notes, Mr. Blackwelder is subject to continuing personal harm by the existence of a lien against him in the public record. Due to the potential for prejudice, this factor weighs in favor of entering a default judgment.

   **2.     Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint.**

The next relevant *Eitel* factors include the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (internal quotation marks omitted).

Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, which provides that district courts have authority to "declare the rights and other legal relations of any interested party seeking such declaration . . . except with respect to Federal taxes." 28 U.S.C. § 2201(a). Courts in this circuit have routinely granted declaratory relief to expunge sham items filed against government officials. *See, e.g., United States v. Marty*, No. CIV S-10-2805 KJM EFB, 2011 WL 4056091, at *8 (E.D. Cal. Sept. 12, 2011) (sham UCC Financing Statements filed against IRS and Department of Justice officials held null, void, and of no legal effect).

Under applicable California law, a lien is created by a contract between parties or by operation of law. Cal. Civ. Code § 2881. Under California Commercial Code Section 9203(b)(3)(A), a security interest in personal property is created by a security agreement between

5

a debtor and the secured party. *Marty*, 2011 WL 4056091, at *5. "In the absence of a valid security agreement, a financing statement does not create an enforceable security interest." *Id.*

Here, the UCC-1 Statement filed by Defendants named Mr. Blackwelder as a "debtor." Plaintiff alleges Mr. Blackwelder, in his personal or professional capacity, has never entered into any contracts with Defendants, executed any security agreements for the benefit of Defendants, and has not authorized Defendants to file any UCC Financing Statements. (Doc. 1, ¶ 15; Doc. 20-2, Blackwelder Decl., ¶¶ 5-7.)

Plaintiff has pled sufficient facts to establish that the UCC-1 Statement filed by Defendants against Mr. Blackwelder is false and has no legal effect. *See Marty*, 2011 WL 4056091, at *5. Plaintiff's claim for declaratory relief is well-pled, and appears to have substantive merit.

Plaintiff seeks injunctive relief pursuant to 18 U.S.C. § 1345(a)(1). Plaintiff asserts that, upon a showing that a defendant is violating or is about to violate 18 U.S.C. § 1343, the United States is entitled to an injunction enjoining all future fraudulent conduct. (Doc. 21, ¶ 35.)

Section 1343 provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both . . . .

Section 1345 states that if a person is about to violate or has violated the provisions of the section, the Attorney General may commence an action in any district court to enjoin such violation. 18 U.S.C. § 1345(a)(1).

Plaintiff alleges that Defendants' conduct constitutes violations of Section 1343 in that they have formed a scheme or artifice to defraud United States employees and the public to obtain money or property by means of false or fraudulent pretenses and misrepresentations that Mr. Blackwelder is indebted to Defendants, has granted Defendants liens to his property, and has authorized the filing of a UCC-1 Statement against him. (Doc. 1, ¶ 36.) Plaintiff also alleges that Defendants used the internet to further this fraudulent scheme with the specific intent to deceive or

6

defraud by filing the false UCC-1 Statement with the California Secretary of State via the online UCC Connect website and using a credit card to pay the filing fees. (Doc. 1, ¶ 28.) As such, Plaintiff maintains that it is entitled to an order permanently enjoining Defendants from filing or recording documents which purport to create a nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States. (Doc. 1, ¶ 28.) These allegations set forth an adequately pled a claim for injunctive relief pursuant to Sections 1343 and 1345.

In sum, Plaintiff's claims for declaratory and injunctive relief are sufficiently pled and appear to have substantive merit. This factor weighs in favor of granting default judgment.

### 3. The Sum of Money at Stake in the Action Does Not Weigh Against Default Judgment

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). In this case, Plaintiff is seeking declaratory and injunctive relief, not damages. Therefore, this factor weighs in favor of granting default judgment.

### 4. The Possibility of a Dispute Concerning the Material Facts

With regard to the this factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *Televideo Systs.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations. As such, this factor weighs in favor of default judgment.

### 5. Whether Default was Due to Excusable Neglect

There are no facts in the record that evidence that Defendants' failure to appear or otherwise defend against the motion for default judgment is the result of excusable neglect. Defendants were served by publication, but failed to respond to the complaint. They were also granted a 60-day extension of time after the deadline to file a responsive pleading had passed, but

at the expiration of the 60-extension, the docket reflects that Defendants failed file a responsive pleading. This factor, therefore, favors default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Although public policy favors decisions on the merits whenever reasonably possible, this policy standing alone is not dispositive, particularly where a defendant fails to appear or defend itself in an action. Here, because the other factors favor the entry of default judgment, on balance the public policy favoring decisions on the merits is outweighed and does not preclude the entry of default judgment.

## C.     The Relief Sought Should be Granted

### 1.     Declaratory Relief

Plaintiff seeks a declaration that the UCC-1 Financing Statement filed by Defendants is false, has no legal effect, and should be expunged. This request is within the scope of the demand in the complaint, and it is reasonable in light of the circumstances of this case. Accordingly, the Court recommends that Plaintiff's request for declaratory relief be granted. *See United States v. Uptergrove*, No. 1:10-cv-01598-RMW, 2012 WL 639482, at * 6 (E.D. Cal. Feb. 24, 2012). Plaintiff also seeks an order directing the California Secretary of State to expunge from the official records the false document and any other similar documents filed by or on behalf of Defendants.

### 2.     Injunctive Relief

Plaintiff also seeks a permanent injunction enjoining Defendants from filing any document which purports to create a non-consensual lien or encumbrance against any federal employee.

A plaintiff seeking a permanent injunction must satisfy a four-factor test: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982)).

Under the first factor, Plaintiff has established irreparable harm by Defendants' filing of frivolous lien against Mr. Blackwelder. *See, e.g., Marty*, 2011 WL 4056091, at *7 ("[D]efendant's actions in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel.")  Here, Mr. Blackwelder has been harassed in his personal life for performing his job, and has been distracted from carrying out his official duties.  The Government's employees deserve protection from Defendants' frivolous filings.  The first prong for a permanent injunction is satisfied.

Second, the remedies available at law, such as damages, are inadequate to compensate for the injuries suffered.  Absent an injunction, Plaintiff has no recourse to stop Defendants from filing more liens against governmental employees.  Thus, the second prong is satisfied.

Third, because Defendants' UCC lien against Mr. Blackwelder has no basis in law or fact, Defendants will not be injured by an injunction preventing them, or others acting on their behalf, from filing similar documents in the future.  Further, the requested injunction will not impair Defendants' ability to file valid, non-frivolous legal liens.  In light of the irreparable injury resulting from Defendants' lien against Mr. Blackwelder, the balance of hardships weighs in favor of Plaintiff.

Finally, the public's interest in safeguarding the efficient administration of the government and the prevention of abuse and harassment of governmental employees supports the imposition of a permanent injunction.  Therefore, the public interest would not be disserved by the issuance of a permanent injunction against Defendants.

In sum, Plaintiff has established the elements necessary to obtain the requested injunctive relief against Defendants.  As such, the Court recommends that Plaintiff's request for injunctive relief be granted.

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED and judgment for the United States be entered on all claims;
2. The following UCC-1 Financing Statement be declared null, void, and of no legal

        effect, and that the Secretary of the State of California be directed to expunge it from her records: UCC-1 Financing Statement, Document Number 33861440002, Filing Number 12-7320748397;

3. Plaintiff be granted leave to file the judgment and final order of this Court with the Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the above specified UCC Financing Statement have or may have been filed by Defendants;

4. Defendants Barry Halajian and Barry Halajian SS Municiple corporation, their agents, employees, and all others acting in active concert or participation with them, be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create or reflect any non-consensual lien or encumbrance against the person or property of court officer Wayne Blackwelder, or other employees or officers of the United States. The permanent injunction should not prevent Defendants from applying to any state or federal court of competent jurisdiction for relief from any non-frivolous legal claim, and the injunction should not apply or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the

///
///
///
///

10

specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 29, 2014**                    **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE